IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD S. COHN, *et al.*,          *

Plaintiffs,                         *

v.                                  *          Civil Action No. ELH-17-3236

JOHN HARDING,                       *

Defendant                           *
                                   ***

**MEMORANDUM**

On November 2, 2017, John Harding, defendant, removed the above captioned case to this court from the Circuit Court for Frederick County. ECF No. 2. The case, which concerns foreclosure proceedings initiated by substitute trustees against the property of John Harding, was filed in the Circuit Court for Frederick County on July 16, 2015. ECF No. 3 at 1. The property at issue was sold on May 12, 2017, and the Circuit Court for Frederick County entered a judgment of possession in favor of the plaintiffs on November 1, 2017. ECF No. 3 at 6, 9.

Harding maintains that he has been denied due process and equal protection on the basis of a wrongful foreclosure. ECF No. 2, ¶ 4. He asserts federal question jurisdiction.

Under 28 U.S.C. § 1441(a), only actions "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of

different States. U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a) (2012). If a civil action is not based on a question of federal law, then a federal court may only exercise original jurisdiction based on diversity of citizenship. The purpose of the diversity requirement "is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants. The presence of parties from the same State on both sides of a case dispels this concern." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553-54 (2005).

The issue here, foreclosure, does not generally implicate federal law, and there is nothing in the removal notice otherwise suggesting that a federal question exists in this particular case. Although Harding alleges that he "has been repeatedly denied due process and equal protection from the inception of the reverse mortgage that is the basis for this wrongful foreclosure," ECF No. 2 at 1, such an assertion does not confer federal question jurisdiction, as federal question jurisdiction "cannot be predicated on an actual or anticipated defense . . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).[1]

Likewise, it is plain that the requirements for diversity jurisdiction are not satisfied, as the docket sheet from the Circuit Court for Frederick County indicates that the parties are domiciled

---

[1] In the Clerk's Office Notice filed November 13, 2017, the Clerk states that the original complaint is missing. ECF No. 1. I note that, in the Notice of Removal, Harding asserts, ECF No. 2, ¶ 5, that judgment was entered the day prior to removal, and he "begs the Court's indulgence while further supporting documents are copied and labeled . . . ." In any event, it is highly unlikely, given the nature (foreclosure) of the proceeding, that the complaint raises a federal question.

in Maryland. Thus, removal is inappropriate, as this court lacks subject matter jurisdiction over the case.[2]

In light of this Court's disposition, I decline to address Harding's motion for leave to proceed in forma pauperis. *See* ECF 4. An Order follows.


Date: November 17, 2017
                                                           /s/
Ellen L. Hollander
United States District Judge

---

[2] As indicated, Harding's notice of removal was filed over two years beyond the time period allowed under § 1446(b)(1). The Court is mindful that, where removal is based on a defect other than a lack of jurisdiction, the defect must be asserted in a party's timely motion to remand. *See Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192, 196-97 (4th Cir. 2008).

Nevertheless, the Court observes that removal is quite untimely. In general, a defendant must file the notice of removal of the civil action either

> within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ., or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). As the United States Court of Appeals has clearly explained, "untimely removal is a defect in removal procedure." *Cades v. H&R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994). That defect "renders a case improperly removed." *Link Telecomms., Inc. v. Sapperstein*, 119 F. Supp. 2d 536, 542 (D. Md. 2000) (*citing Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999)).

3